**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

## PLCV2004-01172
### McCray v H & R Block Eastern Enterprises, Inc. et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 09/29/2004 | Status | Active (actv) | | |
| Status Date | 10/18/2004 | Session | A - Civil A - CtRm 4 (Brockton) | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 12/28/2004 | Answer | 02/26/2005 | Rule12/19/20 | 02/26/2005 |
| Rule 15 | 02/26/2005 | Discovery | 07/26/2005 | Rule 56 | 08/25/2005 |
| Final PTC | 09/24/2005 | Disposition | 11/23/2005 | Jury Trial | Unknown |

### PARTIES

**Plaintiff**
Adrian McCray
Active 09/29/2004

**Private Counsel 318220**
Paul A Manoff
47 Winter Street
4th floor
Boston, MA 02108
Phone: 617-542-4620
Active 09/29/2004 Notify

**Defendant**
H & R Block Eastern Enterprises, Inc.
31 Schoosett Street
Pembroke, MA 02359
Served: 10/05/2004
Served (answr pending) 10/18/2004

**Defendant**
Linda Murphy
Served: 10/05/2004
Served (answr pending) 10/18/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/29/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 09/29/2004 | | Origin 1, Type B22, Track F. |
| 09/29/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 10/18/2004 | 2.0 | SERVICE RETURNED: H & R Block Eastern Enterprises, Inc.(Defendant)summons service made on October 5,2004 by delivering in hand to John Sherburne person in charge at time of service. |
| 10/18/2004 | 3.0 | SERVICE RETURNED: Linda Murphy(Defendant)summons service made on October 5,2004 by delivering in hand to John Sherburne person in charge at time of service |

A TRUE COPY ATTEST
[signature] R. Power
CLERK

### EVENTS

MAS-20040909　　　　　　Case 1:04-cv-12232-PBS　　Document 1-3　　Filed 10/25/2004　　Page 2 of 8　　10/22/2004
eliasreb　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　　　10:53 AM
　　　　　　　　　　　　　　　　　PLYMOUTH SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　Civil Docket

## PLCV2004-01172
## McCray v H & R Block Eastern Enterprises, Inc. et al

| Date | Session | Event | Result |
|---|---|---|---|
| 11/15/2004 | Civil A - CtRm 4 (Brockton) | Status: by clerk | |

9/29/04

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT
                                                 C.A. NO.
                                                 04-1172A

*******************************************
ADRIAN MCCRAY,                            *
                                          *
        Plaintiff                         *
                                          *
v.                                        *   **COMPLAINT**
                                          *
H&R BLOCK EASTERN ENTERPRISES, INC.       *
and LINDA MURPHY,                         *
                                          *
        Defendants                        *
*******************************************

## Parties

1. The plaintiff is a natural person who currently resides in New Bedford, Massachusetts.

2. The defendant, H&B Block Eastern Enterprises, Inc. (HRB), is a corporation with a place of business located in Pembroke, Massachusetts.

3. The defendant, Linda Murphy, is an individual whose residence is unknown to the plaintiff. She is or was employed by HRB as a manager.

4. At all times material hereto, the defendant HRB has been an employer within the meaning of G.L. c. 151B.

5. Plaintiff was employed by defendant HRB for 1½ years until January, 2003. His most recent position was as division H.R. manager. He is African-American (black).

6. At all times material hereto plaintiff performed his duties with the defendant HRB in an exemplary, competent and more than adequate manner.

7. On or about January 28, 2003 the defendant corporation discharged plaintiff from his position.

8. Plaintiff presently remains fully capable of performing his former duties with HRB.

A TRUE COPY ATTEST

_[signature]_
CLERK

-2-

9. The corporate defendant's course of conduct towards plaintiff in discharging him was motivated by impermissible factors, namely plaintiff's race and/or to retaliate against plaintiff for plaintiff's complaining to the Massachusetts Commission Against Discrimination and/or to HRB that defendant Murphy was engaged in unlawful race discrimination, and plaintiff would not have been so treated by defendant HRB if he had not been African-American and/or if he had not protested defendants' discrimination, all in violation of G.L. c. 151B Section 4.

10. The above course of conduct towards plaintiff was aided, abetted, compelled and/or executed on behalf of HRB by defendant Murphy. Defendants acted with knowledge or had reason to know that their actions violated G.L. c. 151B Section 4.

11. On or about February 3, 2003 the plaintiff filed a complaint against defendants with the Massachusetts Commission Against Discrimination (MCAD) which complaint alleged that defendants discharged plaintiff from employment on account of his race and/or in retaliation for plaintiff's having previously complained of racial discrimination. This complaint was assigned a docket number 03BEM00256 by the MCAD.

12. Plaintiff has exhausted all administrative remedies which are required to be exhausted prior to his bringing or maintaining this action.

13. Prior to being discharged, plaintiff sought medical leave from HRB pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601 et seq.

14. Defendant HRB violated 29 U.S.C, §§ 2614, 2615 when it discharged plaintiff for taking such leave and/or refused to restore plaintiff to his position, following his attempt to return to his employment.

Damages

15. As a result of the loss of his employment as alleged above, plaintiff has incurred damages in the nature of lost earnings, and has incurred great mental anguish and suffering.

WHEREFORE, the plaintiff prays for the following relief:

A. That he be awarded damages sufficient to compensate him for his loss of earnings, past and future, and for his mental anguish and suffering;

B. That such damages be doubled in accordance with the terms of 29 U.S.C. § 2617 and/or that he be awarded punitive damages pursuant to G.L. c. 151B § 9;

C. That the defendant HRB be ordered to reinstate plaintiff to his former position without loss of seniority or other benefits;

D. That he be awarded his costs of this action including reasonable attorney's fees; and

E. That this Court award him such other and further relief as it deems just and proper.

Jury Claim

The plaintiff claims a trial by jury on all of his claims.

Date: 9-23-04

Adrian McCray
By his attorney,

Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BBO# 318220

mccray\complaint

-3-

9/29/04

# Paul A. Manoff

Attorney at Law
4th Floor
47 Winter Street
Boston, Massachusetts 02108
Tel. (617) 542-4620

September 22, 2004

Civil Clerk
Plymouth Superior Court
72 Belmont Street
Brockton, MA 02301

Re:   McCray v. H&R Block Eastern Enterprises, Inc., et al

Dear Sir/Madam:

Enclosed relative to the above matter, please find the following:

1. Civil Complaint;

2. Cover sheet; and

3. Check for $285.00.

Please docket the complaint, assign it to a Brockton jury session, issue me two summonses, stamp the docket number on the summonses and return them to me in the enclosed self-addressed envelope.

Thank you for your attention to this matter.

Sincerely,

Paul A. Manoff

PAM:cpj

Enclosures

cc:   Adrian McCray
      Adrienne Markham

mccray\ltct

| CIVIL ACTION COVER SHEET | 04-1172A | Trial Court of Massachusetts Superior Court Department County: Plymouth | 9/29/04 |
|---|---|---|---|

| PLAINTIFF(S) Adrian McCray | DEFENDANT(S) H&R Block Eastern Enterprises, Inc. and Linda Murphy |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul A. Manoff<br>47 Winter St., #4, Boston, MA 02108<br>617-542-4620<br>Board of Bar Overseers number: 318220 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (x) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $..........
  2. Total Doctor expenses ............................................. $..........
  3. Total chiropractic expenses ....................................... $..........
  4. Total physical therapy expenses ................................. $..........
  5. Total other expenses (describe) .................................. $..........
      Subtotal $..........
B. Documented lost wages and compensation to date ........... $..........
C. Documented property damages to date ......................... $..........
D. Reasonably anticipated future medical and hospital expenses ... $..........
E. Reasonably anticipated lost wages .................................. $ 25,000+
F. Other documented items of damages (describe)
      $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was discharged from his employment in retaliation for his previous complaint of race discrimination. This court has exclusive jurisdiction pursuant to G.L. c. 151B, Section 9.
      $..........
      TOTAL $ 25,000+

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

      TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record __Paul A. Manoff__   DATE:

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

ADRIAN McCRAY,

    Plaintiff

v.

H&R BLOCK EASTERN ENTERPRISES, INC. and LINDA MURPHY,

    Defendants

## DEFENDANT H&R BLOCK EASTERN ENTERPRISES, INC.'S CORPORATE DISCLOSURE STATEMENT

Defendant H&R Block Eastern Enterprises, Inc. ("Block"), a nongovernmental corporate party, hereby makes the following certification pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.3. Block is a wholly-owned, indirect subsidiary of H&R Block, Inc., which is a publicly traded corporation.

    H&R BLOCK EASTERN ENTERPRISES, INC

    By their attorneys,

    _____
    Adrienne M. Markham (BBO#320740)
    Deborah Hesford DosSantos (BBO#641185)
    GOULSTON & STORRS
    400 Atlantic Avenue
    Boston, MA 02110
    (617) 482-1776

Dated: October 25, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on Oct 25, 2004.

_____