UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. *14-12232-PBS*

|  |  |
|---|---|
| ADRIAN McCRAY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| H&R BLOCK EASTERN ENTERPRISES, INC., | ) |
| and LINDA MURPHY, | ) |
|  | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS H&R BLOCK
## EASTERN ENTERPRISES, INC. AND LINDA MURPHY

The defendants, H&R Block Eastern Enterprises, Inc. ("Block") and Linda Murphy

(collectively, "Defendants"), respond to the specific allegations of plaintiff's complaint as

follows:

1.    The Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 1 and therefore deny them.

2.    Admitted.

3.    The Defendants admit that Murphy is an individual and that she has been

employed by Block as Vice President and Managing Director (Division 50) since April 2002.

The Defendants deny the remaining allegations of paragraph 3.

4.    Paragraph 4 contains a conclusion of law, to which no responsive pleading is

required.  To the extent that a response is deemed required, the Defendants deny the allegations

of paragraph 4.

-1-

5.      The Defendants admit that the Plaintiff worked for Block from August 2001 to January 2003 and that he held the position of regional human resources manager throughout that time. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and therefore deny them.

6.      Denied.

7.      The Defendants admit that the Plaintiff's employment at Block was involuntarily terminated in January 2003.

8.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore deny them.

9.      Denied.

10.     Denied.

11.     The Defendants admit that the Plaintiff filed a complaint against the Defendants with the Massachusetts Commission Against Discrimination ("MCAD") on or about February 3, 2003 and that the complaint was assigned docket number 03BEM00256 by the MCAD. The Defendants deny the remaining allegations of paragraph 11.

12.     Paragraph 12 contains a conclusion of law, to which no responsive pleading is required. To the extent that a response is deemed required, the Defendants deny the allegations of paragraph 12.

13.     Paragraph 13 contains a conclusion of law, to which no responsive pleading is required. To the extent that a response is deemed required, the Defendants deny the allegations of paragraph 13.

14.     Denied.

15.     Denied.

GSDOCS-1411696-1
11/01/2004 10:28 AM

### First Affirmative Defense

To the extent that the Plaintiff alleges a claim for discrimination on the basis of race pursuant to M.G.L. ch. 151B, the Complaint fails to state a claim upon which relief can be granted because the Plaintiff has failed to exhaust his administrative remedies as required by statute.

### Second Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted for race discrimination because he was not terminated from his employment because of his race.

### Third Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted for retaliation under M.G.L. ch. 151B because he was not terminated from his employment because of any protected activity.

### Fourth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted under the Family and Medical Leave Act because he was restored to his original position at Block upon his return from FMLA leave.

### Fifth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted under the Family and Medical Leave Act because he was not terminated from his employment because of the exercise of his FMLA rights.

### Sixth Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted against Linda Murphy because there was no underlying act of discrimination that she could have aided or abetted.

GSDOCS-1411696-1
11/01/2004 10:28 AM

## Seventh Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted against Linda Murphy because Murphy did not actively perpetrate or assist in the allegedly unlawful conduct.

## Eighth Affirmative Defense

The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## Ninth Affirmative Defense

The Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

## Tenth Affirmative Defense

The Complaint should be dismissed because the Plaintiff has not suffered any damages.

## Eleventh Affirmative Defense

The Complaint should be dismissed because any damages suffered by the Plaintiff were not proximately caused by the conduct of the Defendants.

## Twelfth Affirmative Defense

Notwithstanding his duty to do so, the Plaintiff has failed to mitigate any damages he allegedly suffered.

GSDOCS-1411696-1
11/01/2004 10:28 AM

<u>Jury Demand</u>

The Defendants demand a trial by jury in this action.

> H&R BLOCK EASTERN ENTERPRISES, INC.
> and LINDA MURPHY,
>
> By their attorneys,
>
>
> _____
> Adrienne M. Markham, BBO# 320740
> Deborah Hesford DosSantos, BBO# 641185
> GOULSTON & STORRS,
>  A Professional Corporation
> 400 Atlantic Avenue
> Boston, Massachusetts  02110
> (617) 482-1776

Dated:  November 1, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by mail (by hand) on Nov. 1, 2004

-5-