UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV12232-PBS

| | |
|---|---|
| ADRIAN McCRAY, | ) |
| Plaintiff, | ) |
| v. | ) |
| H&R BLOCK EASTERN ENTERPRISES, INC., and LINDA MURPHY, | ) |
| Defendants. | ) |

### AFFIDAVIT OF CATHERINE WATSON

I, Catherine Watson, hereby depose and state:

1.  I am an attorney and I am currently employed as the Senior Manager of Compliance Operations for H&R Block, Inc. I have held that position for approximately one year. Prior to that time, I was the Manager of Fair Employment Practices at Block. I work out of Block's corporate headquarters in Kansas City, Missouri.

2.  As the Manager of Fair Employment Practices, I reported directly to the Senior Vice President of Human Resources and worked with the human resources and legal departments at Block to handle all employee complaints arising under the federal and state employment laws. Specifically, I provided human resources professionals with training regarding the applicable employment laws and handled the investigation and resolution of employee complaints relating to the employment laws on a senior level.

3.  I worked with Adrian McCray during the time that he was employed as a field human resources manager for Block. I met him at Block trainings and annual meetings and

1

interacted with him on numerous occasions regarding employee complaints or investigations that McCray was handling in his capacity as a human resources manager. I formed the impression that McCray did not place a priority on understanding the employment laws or handling complaints he received related to such issues.

4. In April 2002, I learned about an investigation being conducted in the Northeast region regarding a complaint by an employee, Paul Rogers, that he had been treated differently because of his sexual orientation. My understanding of the complaint was that Rogers believed that employees in the office were making inappropriate comments about his sexual orientation and that he did not believe that his manager, Rick Bartlett, had taken sufficient action in response to Rogers' complaints.

5. In my capacity as the Manager of Fair Employment Practices, I would have spoken with McCray, the field human resources manager handling the complaint, to discuss the investigation into Rogers' complaint, both before and after it was conducted.

6. I understood that McCray conducted the investigation into Rogers' complaint along with Kathy Hawk, a regional manager in the Northeast region. It is common at Block for a human resources manager to work together with an operations manager (like Hawk) in investigating employee relations issues.

7. With respect to the complaint made by Rogers, it is my understanding and belief that Block decided to have Hawk work with McCray (rather than Linda Murphy) because of Bartlett's familial connection to Murphy. It is my understanding and belief that Block kept Murphy out of the investigation to avoid any appearance of impropriety.

8. The investigation into Rogers' complaint revealed that certain employees may have made inappropriate comments about Rogers; that Bartlett had spoken to the employees in

question and told them to stop making such comments; that Rogers himself made inappropriate comments in the workplace; and that Bartlett told Rogers to bring any further problems to his attention.

9.  At no time did McCray inform me that he believed that Bartlett had engaged in any wrongdoing or improper conduct in relation to Rogers. In addition, I have no memory of McCray informing me that he thought Murphy had attempted to influence his investigation and/or his conclusion. Specifically, McCray never stated to me that Murphy had told him what to put in his report of the investigation or that Murphy had told him that she would go after employees who had supported Rogers' complaint.

4

Signed under the pains and penalties of perjury this 15th day of November 2005.

/s/ Catherine Watson

_____

Catherine Watson

Case 1:04-cv-12232-PBS    Document 16-11    Filed 11/15/2005    Page 4 of 4